UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMAREAH OWENS,

    Plaintiff,

v.                               Case No. 24-CV-717

CHRISTOPHER PEGELOW, et al.,

    Defendants.

## DECISION AND ORDER

    Plaintiff Demareah Owens, who is representing himself, is proceeding on an Eighth Amendment deliberate indifference claim in connection with allegations that Defendants Christopher Pegalow, Martin Fleming, and Landon Young failed to protect Plaintiff from self-harm at the Milwaukee Secure Detention Facility on February 22, 2024. Dkt. Nos. 1 & 8. Discovery closed April 18, 2025; and dispositive motions were due May 19, 2025. Dkt. No. 15.

    On May 19, 2025, Defendants filed a motion to dismiss the case for Plaintiff's failure to cooperate in discovery or, in the alternative, motion to compel Plaintiff to sign an authorization to release his medical records and to stay the dispositive motions deadline. Dkt. No. 24. Defendants explain that they have sent Plaintiff multiple discovery requests to sign a medical authorization to review his medical records, all of which he has failed to sign and return. *Id.* at 2-3. Plaintiff did not respond to this pending motion. It appears that he was released from custody recently, *see* Dkt. No. 25, but both the request for medical authorization and the pending motion were sent to his new address. *See* Dkt. No. 24 at 2.

In this lawsuit, Plaintiff seeks monetary damages for physical injuries he allegedly suffered from the incident. Dkt. No. 1. Specifically, he claims that his injuries were "life-threatening;" resulted in an amount of blood that was "everywhere" and "visible" from the cell window; and required a trip to the Emergency Room (ER). *Id*. at 2-3. Defendants have a right to test the veracity of Plaintiff's allegations by looking at his medical records to see the extent of the physical injuries documented and to confirm if the injuries were in fact serious enough to require a trip to the ER. Because Defendants cannot properly defend themselves without looking at Plaintiff's medical records, the Court will grant their motion to compel Plaintiff to sign the authorization to release his medical records. If Plaintiff wishes to proceed with this case, he must submit to Defendants a signed medical authorization within 14 days of the date of this order. Failure to submit a signed medical authorization will result in dismissal of this case based on Plaintiff's failure to prosecute it. The Court will also stay the dispositive motions deadline until the medical authorization is signed and will deny without prejudice the motion to dismiss. Defendants should provide a status update once the deadline to sign the medical authorization has passed.

**IT IS THEREFORE ORDERED** that Defendants' amended motion to dismiss for Plaintiff's failure to cooperate in discovery or, in the alternative, motion to compel Plaintiff to sign the authorization to his release medical records and to stay the dispositive motions deadline (Dkt. No. 24) is **GRANTED in part and DENIED in part**. The motion to compel and the motion to stay are granted. **If Plaintiff wishes to proceed with this case, he must submit to Defendants a signed medical authorization within 14 days of the date of this order.** Failure to submit a signed medical authorization will result in dismissal of this case based on failure to prosecute. The motion to dismiss is denied without prejudice. Defendants should provide a status update once the deadline to sign the medical authorization has passed.

Dated in Milwaukee, Wisconsin this 17th day of June, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge